IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONALD E. GRYDER,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) NO.: 1:00-cv-2437-ECS |
| vs. | ) |
| | ) |
| **NORMAN Y. MINETA,** | ) |
| **Secretary of Transportation,** | ) |
| | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S
SECOND AMENDED MOTION FOR ATTORNEY'S FEES**

COMES NOW Plaintiff in the above-styled action and shows this Court as follows:

**PROCEDURAL HISTORY**

**Events Prior to Suit.**

In 1996, Plaintiff Donald Gryder was a Safety Inspector employed by Defendant Agency's Federal Railroad Administration. Following his bringing of EEO complaints against said Defendant, Defendant accused Plaintiff of poor performance, placed him on a "Performance Improvement Plan" (the statutory prerequisite to the termination of a federal merit system employee for poor performance), and denied his

1

scheduled Within-Grade Salary Increase ("WGI") *Exhibit "E"*, ¶ 23.

In January 1997, Plaintiff hired the firm of Adam J. Conti, LLC to represent him in the matter, and, with the aid of said counsel, challenged the PIP and Defendant's denial of his WGI through EEO complaints, an appeal to the Merit System Protection Board ("MSPB"), and a further appeal to the U.S. Court of Appeals for the Federal Circuit. During the pendency of these actions, Defendant proceeded to terminate Plaintiff's employment. Adam J. Conti, LLC continued to represent Plaintiff in various administrative proceedings, including a second appeal to the MSPB (followed by a second appeal to the Federal Circuit) and the filing of an unfair labor practice charge, through mid-February 2000.[1] *Id.* at ¶¶ 23-25; *Exhibit "B"*. Plaintiff did not succeed in any of these administrative actions, but he did exhaust his administrative remedies as required by Title VII of the Civil Rights Act of 1964.

**The Current Proceeding Begins.**

On July 28, 2000, Plaintiff filed the instant lawsuit, proceeding *pro se* and *in forma pauperis*. [DOC 2.] On August 10, 2000, Plaintiff filed an amended complaint consisting of seventeen counts against various Defendants. [DOC 5.] All counts of the

---

[1] As shown in *Exhibit "B"*, the firm provided Plaintiff with some minor advice in 2002 and 2003, but did not bill him for that work. Plaintiff does not now seek recovery for those items.

complaint were dismissed on summary judgment except the claim of retaliation (pursuant to Title VII) contained in Count V. [DOC 41, 47.] Likewise, all Defendants were dismissed except for the Secretary of Transportation in his official capacity. [DOC 50.] The remaining claim proceeded to trial, and, on April 25, 2003, the jury found in Plaintiff's favor and awarded him $250,000 in back pay. The jury declined to award any compensatory damages. [DOC 85-86.]

Subsequently, on May 19, 2003, Plaintiff filed his original Motion for Attorney's Fees. [DOC 93.] The Court denied this motion as premature. [DOC 98.] On November 5, 2003, the Court declined to award Plaintiff equitable relief including back pay, front pay, or reinstatement to his former job position. [DOC 125.]

Plaintiff subsequently filed an Amended Motion for Attorney's Fees on November 12, 2003, seeking recovery of attorney's fees paid to Adam J. Conti, LLC during the period 1997-1999 as well as a consultation fee paid to one Charles Weist, Esq. in 2001.[2] [DOC 127, 134.] On November 24, Plaintiff appealed the Court's denial of an equitable remedy to the U.S. Court of Appeals for the Eleventh Circuit. [DOC 128.]

---

[2] Mr. Weist never appeared on Plaintiff's behalf and Plaintiff does not now seek recovery of said consultation fee.

On January 8, 2004, the Court deferred ruling on Plaintiff's Amended Motion for Attorney's Fees "pending resolution of his appeal by the circuit court." [DOC 140.]

**The Mediation.**

On April 14, 2005, the Eleventh Circuit reversed this Court's denial of equitable relief to Plaintiff and remanded for further consideration. *Gryder v. Mineta,* No. 03-16021 (11th Cir. Apr. 14, 2005.) In conformity with said order, this Court held oral argument as to the appropriate type and amount of equitable relief on February 7, 2006. During said argument, the parties agreed to mediate the case before a magistrate judge. [DOC 152, 153.] The Court did not, however, rule on Plaintiff's Amended Motion for Attorney's Fees.

An initial mediation session was held with Magistrate Judge Brill on March 22, 2006. The parties agreed in principle to settle the case, but no final agreement was reached. [DOC 158]

Following the initial mediation, Plaintiff retained the firm of Bondurant, Mixon & Elmore LLP to represent him in the subsequent negotiations. Said representation was provided by Ronan P. Doherty, Esq. and Steven J. Rosenwasser, Esq. *Exhibits "G", "H",* and *"I".* They appeared with Plaintiff again before Judge Brill on June 27,

2006[3] and continued to represent Plaintiff on said matter through August 7, 2006.[4] *Exhibit "C",* pp. 1-3.

**The Final Outcome.**

The parties were never able to agree on all terms of the settlement, and the Court denied Defendant's Motion to Enforce Settlement Agreement [DOC 175] on October 1, 2007. [DOC 210.] Finally, on September 15, 2010, the Court ordered equitable relief for Plaintiff, including reinstatement to his former job position and $923,656.08 in back pay with interest. [DOC 249.]

Dissatisfied with the Court's award, Plaintiff appealed again to the Eleventh Circuit on October 14, 2010. [DOC 251.] The Eleventh Circuit affirmed the District Court's award on May 31, 2011. *Gryder v. Mineta,* No. 10-14845 (11th Cir. May 31, 2011.) This Court filed the Eleventh Circuit's order on September 21, 2011. [DOC 273.]

At this point, the Court had still not ruled on Plaintiff's November 12, 2003

---

[3] There was no minute entry for this session.

[4] Bondurant, Mixon & Elmore LLP withdrew from their representation of Plaintiff on August 7, 2006. However, as detailed *Exhibit "C",* they continued to be involved in proceedings related to Defendant's Motion to Enforce Settlement Agreement [DOC 175] through November 2006. Plaintiff herein only seeks reimbursement for fees and expenses accumulated through August 7.

Amended Motion for Attorney's Fees (which, in any event, was then badly out of date). Uncertain how the Court wished to proceed, Plaintiff filed a Motion for Clarification on November 30, 2011. [DOC 275.]

Shortly thereafter, Plaintiff again retained the services of Adam J. Conti, LLC, which entered an appearance on his behalf on December 7, 2011. [DOC 276.]

On January 3, 2012, the Court entered an order denying Plaintiff's Motion for Clarification and stating that Plaintiff may file a motion for attorney's fees and expenses "in conformity with the applicable rules." [DOC 281.] Plaintiff now brings the instant Second Amended Motion for Attorney's Fees.

## ARGUMENT AND CITATION OF AUTHORITY

Congress enacted the Civil Rights Attorney Fee Awards Act of 1976, 42 U.S.C. § 1988, to "ensure effective access to the judicial process' for persons with civil rights grievances." *Hensley, et. al. v. Eckerhart, et. al.,* 461 U.S. 424, 429 (1983), quoting H.R. Rep. No. 94-1558, p. 1 (1976). To recover attorneys' fees, a plaintiff must be a "prevailing party," meaning that the plaintiff succeeded "on any significant issue in litigation which achiev[ed] some of the benefit the part[y] sought in bringing suit." *Id.* at 433.quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-279 (1st Cir. 1978).

Here, Plaintiff won a retaliation claim against Defendant and obtained

substantial equitable relief as a result. Plaintiff is therefore entitled to a reasonable award of attorneys' fees that fairly reflects the result obtained. As the Eleventh Circuit explained, "Where a plaintiff has obtained excellent results, her attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *U.S. v. Jones,* 125 F.3d 1418, 1429-30 (11th Cir. 1997).

Accordingly, Plaintiff requests an award of attorneys' fees in the amount of $154,890.50 for time expended by his counsel, Plaintiff further requests an award of $4,807.60 for additional expenses beyond those allowed in the bill of costs. The bases for said awards are described herein.

**A.     Timeliness of the Instant Motion.**

Defendant may argue that the instant motion is untimely per the Court's January 3, 2012 Order denying Plaintiff's Motion for Clarification. [DOC 281.] In said Order, the Court stated that it "denied" Plaintiff's Amended Motion for Attorney's Fees[5] as premature in its Order of January 8, 2004,[6] hence Plaintiff was required to file a new

---

[5] DOC 127.

[6] DOC 140.

motion. [DOC 281, p. 1.] Said motion was to be brought "in conformity with the applicable rules" including Fed. R. Civ. P. 54(d) and LR 54.2. *Id.* at 2.

The application of said rules, however, may have rendered the instant motion untimely as of the January 2012 Order. Rule 54(d) requires that, in the absence of "a statute or a court order" to the contrary, that a motion for attorney's fees "be filed no later than 14 days after the entry of judgment…." Fed. R. Civ. P. 54(d)(2)(B)(i). The most recent entry of judgment, following the completion of Plaintiff's most recent appeal, was September 21, 2011. [DOC 273.] Therefore, Defendant may argue that Plaintiff's new motion for attorney's fees was due no later than October 5, 2011.

However, the Court's January 2012 Order was predicated upon a misreading of the Court's Order of January 8, 2004. In the January 2004 Order, the Court actually said, "Any ruling on Plaintiff's motion for attorney's fees is, therefore, **DEFERRED** pending resolution of his appeal by the circuit court." [DOC 140, p. 4.] Although the Eleventh Circuit did resolve Plaintiff's appeal, the Court never subsequently ruled on Plaintiff's motion for attorney's fees.

Therefore, Plaintiff contends that the instant motion is timely as an amendment of his prior motion of November 12, 2003, which was deferred but never finally granted or denied.

**B.     The Lodestar Amount.**

The lodestar amount represents a presumptively reasonable fee. *Military Circle Pet Center v. Cobb County,* 734 F.Supp. 501 (N.D.Ga. 1990); *Walters v. City of Atlanta,* 652 F.Supp. 755, 757-58 (N.D. Ga. 1985). The lodestar amount is determined by multiplying a reasonable hourly rate by the hours that counsel reasonably expended on the case. Additionally, the court should account for other considerations that may require that the fee be enhanced or reduced. *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1983). The standard of reasonableness in determining the amount of attorney's fees is to be given a "liberal interpretation." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1191-1192 (11th Cir. 1983).

**1.     Reasonable Hourly Rate.**

The first inquiry in setting the amount of attorneys' fees recoverable under § 1988 is an examination of the number of hours reasonably expended multiplied by a reasonably hourly rate–otherwise termed the "lodestar" figure. In *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299-1301 (11th Cir. 1988), the Court held that a "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation."

9

*See also Hensley,* 461 U.S. at 433; *Duckworth v. Whisenant,* 97 F.3d 1393, 1396-97 (11th Cir. 1996) (rate of $200.00 per hour for § 1983 civil rights action was supported by affidavits of attorneys stating rates for such actions at $125.00 to $300.00, and the fact that the lead attorney was experienced in civil rights litigation); *City of Burlington v. Dague,* 505 U.S. 557, 561 (1992) (strong presumption that the lodestar represents the reasonable fee).

In this Circuit, an hourly rate is "reasonable" when it reflects the experience, skill, and reputation of the attorneys. Here, pursuant to L.R. 54.2, Plaintiff offers support in the form of affidavits from his counsel and other employment attorneys practicing in the Atlanta area:

For Plaintiff's original and current lead attorney, Adam J. Conti, Esq., Plaintiff seeks to recover fees at the rate of $375.00 per hour. Mr. Conti's qualifications and hourly billing rate are described in his declaration attached hereto as *Exhibit "E"*.

For Plaintiff's current co-counsel, Michael T. McCulley, Esq., Plaintiff seeks to recover fees at the rate of $250.00 per hour. Mr. McCulley's qualifications and hourly billing rate are described in his declaration attached hereto as *Exhibit "F"*.

For Plaintiff's original legal assistant, Nancy S. Tenga, Plaintiff seeks to recover fees at the rate of $135.00 per hour. Ms. Tenga's qualifications and hourly

billing rate are described in Mr. Conti's declaration. *Exhibit "E", ¶¶ 20-21*.

For Plaintiff's original paralegals, Dawn Kamara and Beatrice Fox, Plaintiff seeks to recover fees at the rate of $135.00 per hour. Said hourly billing rate is described in Mr. Conti's declaration. *Exhibit "E", ¶ 19*.

For Plaintiff's original law clerk, Erica Cohen, Plaintiff seeks to recover fees at the rate of $135.00 per hour. Said hourly billing rate is described in Mr. Conti's declaration. *Exhibit "E", ¶ 19*.

For Plaintiff's 2006 lead attorney, Ronan P. Doherty, Esq., Plaintiff seeks to recover fees at the rate of $555.00 per hour. Mr. Doherty's qualifications and hourly billing rate are described in his declaration attached hereto as *Exhibit "G"*.

For Plaintiff's 2006 co-counsel, Steven J. Rosenwasser, Esq., Plaintiff seeks to recover fees at the rate of $550.00 per hour.  Mr. Rosenwasser's qualifications and hourly billing rate are described in his declaration attached hereto as *Exhibit "H"*.

## 2. **Reasonable Number of Hours.**

Under the relevant statutes, compensable time includes not only time spent in actual litigation, but also time "spent on administrative proceeding to enforce the civil rights claim prior to the litigation." *North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 15 (1986); *see also New York Gaslight Club,*

*Inc. v. Carey,* 447 U.S. 54, 71 (1980) (concluding that a Title VII prevailing party is entitled to recover attorneys' fees from administrative proceedings because such proceedings are mandated by Title VII). Likewise, Plaintiff is entitled to recover time reasonably expended in seeking an award of fees from the court. *Johnson v. University College,* 706 F.2d 1205, 1207 (11th Cir. 1984).

The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley,* 461 U.S. at 433. Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits, *id.* at 437; however, counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required…." *Perkins v. Mobile Housing Bd.,* 847 F.2d 735, 738 (11th Cir. 1988). Indeed, because counsel's sworn testimony is of such importance, in order for his stated time to be rejected, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins,* 847 F.2d at 738.

*(a) Adam J. Conti, LLC (1997-2000):* Here, the itemized billing statement of Adam J. Conti, LLC for the period 1997 to 2000 is attached as *Exhibit "B."* This document is verified at *Exhibit "E",* ¶ 30. Furthermore, the attached *Exhibit "A"* summarizes the total number of hours for each timekeeper as shown in *Exhibit "B".*

12

The large majority of the hours reported in *Exhibit "B"* are for Mr. Conti, who, during the stated time periods, billed 104.1 hours representing Plaintiff in matters related to Defendant's denial of Plaintiff's WGI. *Exhibit "A", Exhibit "B",* pp. 1-4, 8-11. Likewise, Mr. Conti billed another 125.1 hours representing Plaintiff in matters related to Defendant's termination of Plaintiff's employment.[7] *Exhibit "A", Exhibit "B",* pp. 3-9, 11-12.

Therefore, at the rates described in Section B(1), above, Plaintiff seeks a total of $91,539.00 for 270.6 hours of work by Adam J. Conti, LLC during this period, calculated as follows:

| Timekeeper | Lodestar Rate | Hours | Total |
|---|---|---|---|
| AJC | $375.00 | 229.2 | $85,950.00 |
| GB | $135.00 | 14.1 | $1,903.50 |
| EC | $135.00 | 18.4 | $2,484.00 |
| NST | $135.00 | 8.9 | $1,201.50 |
| **Total** | | **270.6** | **$91,539.00** |

***(b) Bondurant, Mixon & Elmore LLP (2006):*** Here, the itemized billing statement of Bondurant, Mixon & Elmore LLP for the period April 19 to August 7,

---

[7] These totals do not include the first four billing items (May 1997) on *Exhibit "B",* nor the last three billing items (Jan and Feb 2000), the invoices for which Plaintiff did not pay.

13

2006 is attached as *Exhibit "C."* This document is verified at *Exhibit "G"*, ¶ 8. The two timekeepers shown on the billing statement are Ronan P. Doherty, Esq. ("RPD") and Steven J. Rosenwasser, Esq. ("SJR").

Therefore, at the rates described in Section B(1), above, Plaintiff seeks a total of $47,673.50 for 86.1 hours of work by Bondurant, Mixon & Elmore LLP during this period, calculated as follows:

| Timekeeper | Lodestar Rate | Hours | Total |
|---|---|---|---|
| RPD | $555.00 | 63.7 | $35,353.50 |
| SJR | $550.00 | 22.4 | $12,320.00 |
| **Total** | | **86.1** | **$47,673.50** |

*Exhibit "C",* pp. 1-3.

**(c) Adam J. Conti, LLC (Current Motion):** Here, the itemized billing statement of Adam J. Conti, LLC for the period 1997 to 2000 is attached as *Exhibit "D."* This document is verified at *Exhibit "E"*, ¶ 32. The two timekeepers shown on the billing statement are Adam J. Conti, Esq. ("1") and Michael T. McCulley, Esq. ("4").

Therefore, at the rates described in Section B(1), above, Plaintiff seeks a total of $15,678.00 for 55.6 hours of work by Adam J. Conti, LLC during this period, calculated as follows:

| Timekeeper | Lodestar Rate | Hours | Total |
|---|---|---|---|
| 1 | $375.00 | 14.4 | $5,400.00 |
| 4 | $250.00 | 41.2 | $10,300.00 |
| Total | | 55.6 | $15,678.00 |

*This amount discounted to $15,678.00 from $15,700.00.

*Exhibit "D"*.

**(d) Grand Total:** The grand total of all legal work, as described in the preceding subsections (a) through (c), is $154,890.50 for 412.3 hours of legal work, calculated as follows:

| Representation | Total Hours | Total Bills |
|---|---|---|
| Adam J. Conti, LLC (1997-2000) | 270.6 | $91,539.00 |
| Bondurant, Mixon & Elmore LLP | 86.1 | $47,673.50 |
| Adam J. Conti, LLC (Current Motion) | 55.6 | $15,678.00 |
| Total | 412.3 | $154,890.50 |

**C.  Costs of Litigation**.

Finally, Plaintiff seeks his total costs of litigation. A prevailing plaintiff in a civil rights case may recover, as part of the attorneys' fees award, the out-of-pocket expenses that "would normally be charged to a fee paying client." *Harris v. Marhoefer,* 24 F.3d 1619 (9th Cir. 1994) (citations omitted). These costs include travel and mileage costs, filing fees, photocopies, postage, overnight mail charges,

facsimile charges, long distance charges, computer-assisted research charges, among other costs customarily charged to law firm clients. *See e.g Cullens v. Georgia Dept. of Transportation,* 29 F.3d 1489, 1494 (11th Cir. 1994). Separate and apart from taxable costs under § 1920,

Here, Plaintiff seeks recovery of $4,807.60 in litigation expenses, as follows,

| Firm | Time Period | Reference | Amount |
| --- | --- | --- | --- |
| Adam J. Conti, LLC | 05/97 to 02/00 | Exhibit B, pp. 12-13 | $4,582.72 |
| Bondurant, Mixon & Elmore LLP | 04/06 to 08/06 | Exhibit C, p. 5 | $224.88 |
| **Total** | | | **$4,807.60** |

Respectfully submitted this 21st day of August, 2012.

              s/ Michael T. McCulley, Esq..
              Attorney Bar No. 486989
              Attorney for Donald E. Gryder

Adam J. Conti, LLC
400 Northridge Road, Suite 255
Atlanta, Georgia 30350
Telephone: (404) 531-0701
Facsimile: (404) 531-0082
E-mail: mmcculley@contilaw.com

## CERTIFICATION OF FONT AND POINT SELECTION

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared this brief using Times New Roman 14-point type in accordance with the specifications of Local Rule 5.1(C).

s/ Michael T. McCulley, Esq.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DONALD E. GRYDER,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION FILE** |
| ) | **NO.: 1:00-cv-2437-ECS** |
| **vs.** ) | |
| ) | |
| **NORMAN Y. MINETA,** ) | |
| **Secretary of Transportation,** ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2012, I electronically filed the *Brief in Support of Plaintiff's Second Amended Motion for Attorney's Fees* and all attachments with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Aileen Bell Hughes, Esq.

s/ Michael McCulley, Esq.